

FILED

April 17, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 3:37 PM

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: LaToya Dorsey

EMPLOYER: Amazon.com, Inc.

CARRIER: Sedgwick CMS, Inc.

DOCKET #: 2015-01-0017

STATE FILE #: 7541-2015

DATE OF INJURY: December 21, 2014

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by LaToya Dorsey, the employee. The Court conducted an in-person Expedited Hearing on April 6, 2015. Ms. Dorsey appeared without an attorney. Attorney Kristen Stevenson represented Amazon.com, Inc. (Amazon), the employer.

Considering the positions of the parties, the applicable law, and all testimony and documentary evidence admitted at the Expedited Hearing, the Court finds that Ms. Dorsey is entitled to medical benefits, but, at this time, is not entitled to temporary disability benefits.

### ANALYSIS

#### Issues

1. Whether Ms. Dorsey established that she sustained an injury that arose primarily out of and in the course and scope of employment;

2. Whether Amazon complied with its obligation to provide medical benefits pursuant to the Tennessee Workers' Compensation Law; and

3. Whether the Tennessee Court of Workers' Compensation Claims has jurisdiction over Ms. Dorsey's claim.

#### Evidence Submitted

Only Ms. Dorsey testified at the Expedited Hearing. Excluding Exhibit 7, which the Court admitted for identification purposes only, the Court admitted the following exhibits into evidence at the Expedited Hearing:

1

- Exhibit 1—Records of McCallie Physician Office;
- Exhibit 2—First Report of Injury;
- Exhibit 3—Panel form;
- Exhibit 4—Amazon's Request for Medical Information form;
- Exhibit 5—Wage Statement;
- Exhibit 6—Notice of Denial of Claim;
- Exhibit 7—Records of Center for Sports Medicine and Orthopaedics (for identification only—the Court sustained Amazon's hearsay objection because the records were neither signed by the provider nor certified by the provider or the custodian of the records);
- Exhibit 8—Records of Workforce Corporate Health.

The Court did not consider Exhibit 7 in making its decision in this claim.

The Court designated the following as the technical record in this claim:

- Petition for Benefit Determination filed February 2, 2015;
- Dispute Certification Notice filed March 9, 2015;
- Request for Expedited Hearing filed March 9, 2015;
- Response to Motion for Expedited Hearing filed March 12, 2015;
- Notice of Filing filed March 20, 2015;
- Pre-Compensation Hearing Statement filed March 20, 2015; and
- Pre-Hearing Brief filed March 20, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence at the Expedited Hearing.

**History of Claim**

The First Report of Injury prepared by Amazon documents that, on February 5, 2015, Ms. Dorsey reported bilateral hand and wrist pain due to "strain or injury by repetitive motion" (Ex. 2). The First Report of Injury lists the date of injury as December 21, 2014 (Ex. 2). Upon receiving her report of injury, Amazon offered Ms. Dorsey a treatment panel from which she selected Workforce Corporate Health (Workforce) (Ex. 3).

Ms. Dorsey's only visit to Workforce occurred on February 11, 2015. Although the Workforce records indicate that a physician "also examined" Ms. Dorsey at this visit, Nurse Practitioner Stacye Watson hand-wrote and signed the records in question (Ex. 8, p. 2). Ms. Watson also completed and signed Amazon forms by which she returned Ms. Dorsey to work with restrictions (Ex. 8, pp. 5, 6) and stated her opinion that Ms. Dorsey's injury is not work-related (Ex. 2).

Amazon denied Ms. Dorsey's claim five (5) days after the Workforce visit (Ex. 6). On the Notice of Denial form it prepared and filed with the Tennessee Division of Workers' Compensation (the Division), Amazon made the following notation in explanation of its denial

decision: "No medical evidence of work-related injury **per panel physician**" (Ex. 6). Nurse Practitioner Watson's causation opinion is the only such opinion documented in the Workforce records (Ex. 4; Ex. 8).

On February 2, 2015, Ms. Dorsey filed a Petition for Benefit Determination seeking medical and temporary disability benefits. A Dispute Certification Notice, filed March 9, 2015, transmitted the claim to the Court. Ms. Dorsey's Request for Expedited Hearing accompanied the filing of the Dispute Certification Notice.

### Ms. Dorsey's Contentions

Ms. Dorsey made neither an opening statement nor a closing argument. She testified at the hearing that she injured her right hand and wrist while performing repetitive work at Amazon. In her Petition for Benefit Determination, Ms. Dorsey claimed entitlement to medical and temporary disability benefits.

### Amazon's Contentions

Amazon argues that, because Ms. Dorsey did not introduce an expert medical opinion that her alleged injury is work-related, she did not establish the compensability of her claim. It also asserts that Ms. Dorsey's alleged injury occurred in 2013, thus the Court of Workers' Compensation Claims does not have jurisdiction.

### Findings of Fact and Conclusions of Law

#### *Standards Applied*

"The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction...favoring neither the employee nor employer." Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." A different standard of proof governs the issuance of interlocutory orders at expedited hearings. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

#### *Factual Findings*

Upon consideration of the testimony of Ms. Dorsey in open court, the exhibits introduced by the parties, the argument of counsel for Amazon, and the record in this claim, the Court makes the following factual findings in the Expedited Hearing conducted April 6, 2015:

- On February 5, 2015, Ms. Dorsey reported to Amazon's management personnel that the repetitive work she performed at Amazon caused pain in her right hand and wrist;
- The medical records admitted into evidence at the Expedited Hearing do not establish that Ms. Dorsey's right hand and wrist pain arose primarily out of and in the course and scope of her employment;
- The medical benefits that Amazon provided Ms. Dorsey did not comply with the requirements of Tennessee Code Annotated section 50-6-204 in that the facility that Ms. Dorsey selected from Amazon's treatment panel provided treatment primarily through a nurse practitioner; and
- Ms. Dorsey's injury occurred after July 1, 2014.

*Application of Law to Facts*

*Ms. Dorsey Did Not Establish by Expert Medical Opinion that Her Right Hand and Arm Symptoms Arose Primarily Out of and In the Course and Scope of Employment.*

Ms. Dorsey worked for Amazon as a stower, a position in which she stocked merchandise on warehouse shelves. She testified that she scanned in each item she stocked with a two (2) pound hand-held scanner. Ms. Dorsey asserted that she utilized a trigger device on the hand-held scanner between eight hundred (800) to fifteen hundred (1,500) times per day.

In 2013, while working for Amazon, Ms. Dorsey developed right wrist pain for which she underwent treatment, including physical therapy. Ms. Dorsey missed work for a year following the onset of the pain she experienced in 2013. She testified that she "got over the problem" and was without right wrist symptoms when she returned to Amazon in May, 2014.

Ms. Dorsey's right hand and wrist symptoms returned and worsened after she returned to work at Amazon (Ex. 8, p. 2). She testified that she reported her symptoms to her supervisors on several occasions before Amazon completed a First Report of Injury on February 5, 2015, a fact corroborated by Amazon's listing of December 21, 2014, as the date of injury on the First Report of Injury (Ex. 2). On February 10, 2015, Amazon offered Ms. Dorsey a treatment panel from which she selected Workforce (Ex. 3).

Amazon authorized only one (1) treatment visit at Workforce. That visit took place on February 11, 2015 (Ex. 4; Ex. 8). While the Workforce records indicate that a doctor "also examined" Ms. Dorsey (Ex. 8, p. 2), the records establish that Nurse Practitioner Stacye Watson provided the vast majority of the medical services that Ms. Dorsey received on this visit (Ex. 8). While utilizing Amazon forms, Ms. Watson placed restrictions on Ms. Dorsey's activities and provided the causation opinion that Amazon relied on to deny this claim (Ex. 4; Ex. 6).

Ms. Dorsey testified that, since January, 2015, she has not worked anywhere due to the symptoms from her alleged work injury at Amazon. She sought emergency and orthopedic care, including right wrist injections, prior to the date on which Amazon completed the First Report of Injury. Ms. Dorsey testified that, after Amazon denied her claim, she received treatment from a

4

private physician. Ms. Dorsey stated that she will soon undergo a nerve conduction study on her right upper extremity.

Prior to July 1, 2014, an injured worker could establish causation, or work-relatedness, of an injury through credible lay testimony supported by equivocal medical expert opinion, such as an opinion that an incident at work "could be" the cause of an injury. *Williams v. UPS,* 328 S.W.3d 497, 504 (Tenn. 2010); *Tindall v. Waring Park Ass'n.,* 725 S. W. 2d 935, 937 (Tenn. 1987). However, because Ms. Dorsey's injury arose after July 1, 2014, she must meet a more stringent evidentiary standard in order to establish her claim to workers' compensation benefits. The new, more stringent, standard prioritizes the role of medical expert opinion in establishing the work-relatedness of an injury or condition.

Under current law, "[a]n injury 'arises primarily out of and in the course and scope of employment only if it has been shown "that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. §50-6-102(13)(B)(2014). The law further provides that: "An injury causes death, disablement or the need for medical treatment **only if it has been shown by a reasonable degree of medical certainty** that it contributed more than fifty percent (50%) in causing the death, disablement or the need for medical treatment, considering all causes" (emphasis added). Tenn. Code Ann. §50-6-102(13)(C)(2014). Tennessee Code annotated section 50-6-102(13)(D)(2014) provides: "'Shown to a reasonable degree of medical certainty' means that, **in the opinion of the physician,** it is more likely than not considering all causes, as opposed to speculation or possibility" (emphasis added).

Ms. Dorsey introduced treatment notes from the private physicians who treated her right hand and wrist after Amazon denied her claim (Ex. 1). These records contain the report of Dr. Brian Smith, who diagnosed Ms. Dorsey's right hand and wrist condition as "[b]ilateral hand swelling, responding to prednisone with positive rheumatoid factor and ANA titer" (Ex. 1, p. 6). Dr. Smith's report contains only the following notation to indicate his opinion on the cause of Ms. Dorsey's symptoms: "this appears to be inflammatory arthritis related" (Ex. 1, p. 6).

Ms. Dorsey also introduced records documenting her visit to Workforce (Ex. 8). The only causation opinion in the Workforce records is that of Nurse Practitioner Watson, who opined that Ms. Dorsey's right hand and wrist symptoms are not work-related (Ex. 4; Ex. 8, pp. 2, 5). While the Court does not rely on the causation opinion of Ms. Watson because she is not a physician, *see, e. g., Land v. Barnes,* 2008 Tenn. App. LEXIS, at *17 (Tenn. Ct. App. July 15, 2008), the fact remains that the medical records admitted into evidence do not contain medical expert opinion establishing that the conditions in Ms. Dorsey's right hand and wrist arose primarily out of and in the course and scope of her employment.

Ms. Dorsey bears the burden of establishing the work-relatedness of her right hand and wrist injury. *See, e.g.* Tenn. Code Ann. § 50-6-239(c)(6); *McCord v. Advantage Human Resourcing, supra.* In that she did not introduce medical expert opinion that her right hand and wrist symptoms are work-related, the Court finds that Ms. Dorsey is not entitled to recover the temporary disability benefits that she sought at the Expedited Hearing.

5

*Amazon Did Not Provide Ms. Dorsey the Medical Benefits to Which She Is Entitled Under the Tennessee Workers' Compensation Law.*

Upon receiving notice of her work injury, the Workers' Compensation Law required that Amazon offer Ms. Dorsey a treatment panel. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i); *see, e. g. Lindsey v. Strohs Companies,* 830 S.W.2d 899 (Tenn. 1992). Ms. Dorsey selected Workforce from the panel that Amazon offered her in this claim (Ex. 3). Although the Workforce records indicate that a physician examined Ms. Dorsey during her single visit to that facility, the records establish that Nurse Practitioner Stacye Watson primarily treated and examined Ms. Dorsey (Ex. 8).

The Court observes that Ms. Watson provided all the medical/forensic decision-making (what treatment Ms. Dorsey received; the restrictions placed on her activities; whether her injury is work-related, etc.) afforded Ms. Dorsey at the critical stage of her claim at which Amazon decided to deny her claim (Exs. 6 and 8). The medical evidence admitted at the Expedited Hearing failed to establish that Amazon considered a causation opinion other than Nurse Practitioner Watson's opinion in denying Ms. Dorsey's claim (Exs. 4, 6, and 8). Accordingly, the Court finds that Amazon denied the compensability of Ms. Dorsey's claim on the basis of Nurse Practitioner Watson's causation opinion and not, as indicated on its Notice of Denial (Ex. 6), on the opinion of a physician.

The Tennessee Workers' Compensation Law consistently describes that a panel offered to the injured worker for his or her selection of an authorized treating physician shall be composed of "three (3) or more independent reputable **physicians, surgeons, chiropractors or specialty practice groups**" (emphasis added). *See* Tenn. Code Ann. §§ 50-6-204(a)(3)(A)(i),(ii) and (a)(3)(B) (2014). Tennessee Code Annotated section 50-6-102(18) defines a specialty practice group as a "group of Tennessee licensed **physicians, surgeons, or chiropractors** providing medical care services of the same or similar medical specialty as each other and operating out of the same physical location" (emphasis added).

The above-cited statutory language mandates that, after giving an employer timely notice of an alleged work-related injury, an injured worker is entitled to treatment of his or her injury by a physician, surgeon, or chiropractor. While a non-physician or non-chiropractor practitioner, such as a nurse practitioner, may provide some medical services to an injured worker under the compliant oversight of a physician, the terms and spirit of the Workers' Compensation Law are violated when an employer places on its treatment panel a facility where the injured worker primarily receives treatment and medical decision-making from a provider who is not a physician, surgeon, or chiropractor.

Tennessee Code Annotated sections 50-6-102(13)(C) and (D) require that Ms. Dorsey prove the work-relatedness of her injury by medical expert opinion. Section 50-6-102(13)(E) provides that **"the opinion of the treating physician…shall be presumed correct on the issue of causation"** (emphasis added). These provisions contemplate that the **authorized treating physician**, as opposed to an authorized treating nurse practitioner, fulfills a vital role in the determination of the compensability of a claim. That role is subverted to the disadvantage of the injured employee when, as here, the employer includes on its treatment panel a facility where the injured worker is primarily examined and treated by a non-physician practitioner.

In *McCord v. Advantage Human Resourcing, supra,* the Workers' Compensation Appeals Board pointed out that a rule requiring an injured worker to seek out, obtain, and pay for a medical evaluation of an alleged work injury before the employer has an obligation to provide medical benefits causes the injured worker to endure delays and cost barriers that are inconsistent with the fair, expeditious, and efficient execution of a workers' compensation system. Amazon's denial of Ms. Dorsey's claim after a single authorized visit at which she received treatment and medical decision-making by a non-physician practitioner forced Ms. Dorsey to either seek out and pay for a medical expert opinion on causation or suffer the denial of benefits. The fact that Amazon reported to both the Division and Ms. Dorsey that it denied this claim on the basis of the opinion of the "panel physician" (Ex. 6) when, in fact, it denied the claim on the basis of a nurse practitioner's opinion (Exs. 4 and 6) emphasizes the inequitable and prejudicial impact on an injured worker's claim that can occur when an employer offers an injured worker a treatment panel which does not assure that treatment is rendered by a doctor, surgeon or chiropractor.

On the basis of the above considerations, the Court finds that Amazon did not comply with Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) when it: (1) included on the treatment panel it offered Ms. Dorsey a medical facility that provided treatment primarily by a non-physician practitioner; and (2) denied Ms. Dorsey's claim on the causation opinion of a nurse practitioner rather than a physician. The Court finds that, to comply with the Workers' compensation Law, Amazon must offer Ms. Dorsey a panel of physicians who practice in the fields of orthopedics or hand surgery for future treatment and examination of the right hand and wrist symptoms, if any, that are related to the repetitive work that she performed on and after she returned to Amazon in May, 2014.

### The Court Has Jurisdiction of This Claim

Amazon claims that the symptoms for which Ms. Dorsey seeks benefits are the manifestation of an injury or condition that occurred in 2013. Because the Tennessee Court of Workers' Compensation Claims did not come into existence until July 1, 2014, Amazon argues that the Court does not have jurisdiction over a 2013 claim.

The determination of this issue requires the Court to consider when Ms. Dorsey's injury occurred. Ms. Dorsey testified that she did experience right hand and wrist pain in 2013. Although, during cross-examination, Ms. Dorsey testified that she presently has the same right hand and wrist "condition" as she had in 2013, she also testified that, after a year off work, she "got over the problem" and was not afflicted with right hand and wrist symptoms when she returned to Amazon in May, 2014.

Ms. Dorsey testified that her right hand and wrist injury progressed quickly after she began performing repetitive duties at Amazon in May, 2014. Nonetheless, she continued to work at Amazon for several months. The medical records admitted into evidence indicate that Ms. Dorsey did not seek medical care for her post-May, 2014 right hand and wrist symptoms until she went to the emergency department at Parkridge Hospital on January 28, 2015, approximately seven (7) months after she returned to work at Amazon (Ex. 1, p. 2). Ms. Dorsey testified that she began missing work due to right hand and wrist symptoms in January, 2015.

Dr. Smith's March 28, 2015 report records the following history: "Ms. Dorsey...is a

7

warehouse worker at Amazon. For the past six months, she has had a feeling of swelling in her hands…Over the past couple of months, the left hand has started to have progressive swelling as well" (Ex. 1, p. 5). The Workforce records indicate the following notation documenting the Ms. Dorsey's history on February, 11, 2015: "RTW in May, 2014. Sx [symptoms] have worsened. Pain is constant." (Ex. 8. p. 2). The Workforce records indicate that Nurse Practitioner Watson restricted Ms. Dorsey's activities due to right hand and wrist problems (Ex. 2). The evidence admitted at the hearing did not establish that Ms. Dorsey was under any right hand or wrist restrictions when she returned to Amazon in May, 2014.

The Court finds that the medical records admitted into evidence at the Expedited Hearing generally support Ms. Dorsey's testimony that she recovered from her 2013 right hand and wrist problems. The records further support Ms. Dorsey's testimony that, after she returned to Amazon in May, 2014, she developed worsening and more disabling right hand and wrist symptoms than those she experienced in 2013. The Court also finds that Ms. Dorsey's injury is a gradual injury, as opposed to an injury that arose due to a single traumatic event.

In *Bldg. Materials Corp. v. Britt*, 211 S.W.2d 706 (Tenn. 2006), the Supreme Court reaffirmed the "last day worked" rule for setting the date that a gradual injury occurred. The injured worker in *Britt* gave notice to his employer in 1997 that he sustained a work-related spinal injury. He received treatment for a lumbar strain at that time, but did not miss time from work. Over the next four (4) years, the worker's back pain increased and began to radiate into his leg. In 2001, the injured worker began missing work due to back and leg pain and sought workers' compensation benefits. The employer denied his claim based on the statute of limitations.

The worker filed suit and the trial court denied benefits, finding that the statute of limitations expired before the worker filed suit. The Supreme Court reversed, holding that the injured worker's back injury was gradual and "that the date of injury for a gradually occurring injury is the last day worked." *Id.,* at 712.

In consideration of the evidence introduced at the Expedited Hearing, the Court finds that, at a Final Compensation Hearing, Ms. Dorsey will likely prevail in obtaining a finding that her 2013 right hand and wrist problems resolved before she returned to Amazon in May, 2014. The Court also finds that Ms. Dorsey will likely prevail in obtaining a finding that she developed worsening and more disabling right hand and wrist symptoms after she returned to Amazon in May, 2014.

On the First Report of Injury it completed, Amazon listed Ms. Dorsey's date of injury as December 21, 2014 (Ex. 2). However, Ms. Dorsey testified that she stopped working at Amazon due to right hand and wrist pain in January, 2015. On the basis of the above, the Court finds that the injury that forms the basis of this claim occurred in January, 2015, *Britt, supra,* a date after which the Court of Workers' Compensation Claims assumed exclusive jurisdiction of workers' compensation claims. Accordingly, the Court finds it has jurisdiction over Ms. Dorsey's claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon or its workers' compensation carrier shall provide a panel of three (3) orthopedic or hand specialist physicians which complies with Tennessee Code Annotated section 50-6-204(3)(A)(i) so that Ms. Dorsey can select an authorized physician for examination and to treat her claimed injury if said physician determines that Ms. Dorsey's injury arose primarily out of and in the course and scope of employment.

2. This matter is set for Initial Hearing on June 1, 2015, at 10:00 a.m. Eastern Time.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

Initial Hearing:

An Initial Hearing has been set with Judge Thomas Wyatt, Court of Workers Compensation Claims, on June 1, 2015, at 10:00 a.m. Eastern Time. You must call 615-741-2051 or toll free at 855-747-1721 to participate in the Initial Hearing. **Please Note:** You must call in on the scheduled date and time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 17TH DAY OF APRIL, 2015.

Judge Thomas Wyatt
Tennessee Court of Workers'
Compensation Claims
1301 Riverfront Parkway, Suite 202
Chattanooga, TN 37402

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

9

2.　　File the completed form with the Court Clerk within seven (7) business days of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3.　　Serve a copy of the Request for Appeal upon the opposing party.

4.　　The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

5.　　If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 17th day of April, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|------|------|------|------|------|------|
| LaToya Dempsey, Unrepresented. | | | | | X | LatoyaWilson73@yahoo.com |
| Kristen Stevenson, Atty. | | | | | X | Kcstevenson@mijs.com |

Thomas Wyatt
Workers' Compensation Judge

10